**PAUL BATISTA, P.C.**
Attorney-at-Law
26 Broadway – Suite 1900
New York, New York 10004
(631) 377-0111

e-mail: Batista007@aol.com                                          Facsimile: (212) 344-7677

June 17, 2021

<u>VIA ECF</u>
Hon. Vera M. Scanlon
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: **JUS Broadcasting Corporation**
      **v. Harvinder S. Riar, 1:20-cv-06105**
      <u>**(CBA) (VMS)**</u>

Dear Judge Scanlon:

 I represent plaintiff JUS Broadcasting Corporation in the above-entitled litigation, which was filed on December 16, 2020 against a single defendant, Harvinder S. Riar.

 I write in response to the minute entries filed by Your Honor on June 16, 2021.

<u>Summary</u>

 At the outset, I express my sincere apologies to the Court and Hector Roman, the attorney who appeared for Mr. Riar, for my completely inadvertent and unintentional failure to place the telephone call yesterday for a conference in this matter. Before I explain the circumstances, I emphasize that I have practiced in this Court since 1975 and have never failed to participate in a conference in any matter, and I am very chagrined with this development.

<u>Explanation</u>

 *First*, my oversight stemmed from a rare act of mis-calendaring on my part. That mis-calendaring arose in an unusual context. The first telephone conference in this matter took place on March 31, 2021. Two days before that conference, I filed on March 29, 2021 a "Notice of Suggestion of Death on the Record under Fed. R. Civ. P. 25" of Mr. Riar, who had died on or about March 26, 2021 (*see* Dkt. Entry No. 10).

 During the very brief conference on March 31, Your Honor was aware of Mr. Riar's death, which Mr. Roman confirmed.

 Your Honor during that conference ordered the stay of the action *and* set a telephone conference for June 16, 2021. It was at that point that I made a clerical mistake of miscalendaring

the June 16 conference. I am a solo practitioner and generally maintain two types of calendars. One is a handwritten calendar in which I note by date and time conferences, trials and other significant dates in my cases; the other is a computerized calendar which, as is the case with my handwritten calendar, I alone maintain.

I now see that in the handwritten calendar I immediately on March 31 identified June 17 at 11 A.M. as the date for the status conference. That was an entirely unintentional mistake. I review my office calendar on a regular basis, and I had fully intended to participate in the conference today, June 17.

*Second*, and while I am reluctant in any situation to mention personal issues, my wife and I live in Greenwich, Connecticut, and are both in our early seventies. We have several health issues and when we woke yesterday morning we believed it was important that we pay attention to a health issue that had arisen early in the morning. Since I mistakenly believed the conference was scheduled for June 17, I simply believed that since I had no specific scheduled commitment for yesterday morning I could attend to the health concerns.

*Finally*, although the point is not directly relevant to the issues raised by the minute entries dated July 16, 2021, this action is, because of the unexpected death of Mr. Riar, no longer practicable. Although plaintiff JUS Broadcasting Corporation sued Mr. Riar, a former executive, because of plaintiff's grave concerns that Mr. Riar's conduct in violating various employment agreements after he was terminated by plaintiff had caused substantial damage to plaintiff and would continue to do so, Mr. Riar's death made it impracticable to pursue the claims delineated in the complaint.

In light of these facts, plaintiff's management had, as I indicated on March 31, concluded that it would be unwise from a business standpoint to continue the litigation against the estate of Mr. Riar, who had not filed any counterclaims against plaintiff in the Answer (*see* Dkt. No. 9) served approximately ten days before Mr. Riar's death.

At this stage, my proposal is that the parties consent by so-ordered stipulation to the dismissal of the action under Rule 41.

Respectfully submitted,

Paul Batista

PB/wlg

cc: All Counsel of Record